**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

|  |  |
|---|---|
| MARC RODGER,<br><br>              Plaintiff,<br>v.<br><br>BIOMET, INC., et al.<br><br>              Defendants. | Civil Action No.<br><br>2:18-CV-14526-ES-SCM<br><br>**ON PLAINTIFF'S MOTION TO REMAND**<br><br>**[D.E. 12]** |

**REPORT AND RECOMMENDATION**

**STEVEN C. MANNION**, United States Magistrate Judge.

      Before the Court is Plaintiff Marc Rodger's ("Mr. Rodger") motion to remand this case to state court.[1] Defendants Biomet Inc. ("Biomet"), Biomet Orthopedics, LLC, Biomet U.S. Reconstruction, LLC, Biomet Manufacturing, LLC, Zimmer Biomet Holdings, Inc., (collectively "Biomet Defendants"), Biomet Fair Lawn LLC ("Fair Lawn"), Legacy Orthopedics, Inc. ("Legacy"), and Stephen R. Davis ("Mr. Davis") oppose the motion.[2] The Honorable Esther Salas, U.S.D.J., referred the instant matter to the undersigned for report and recommendation.[3] After considering the parties' submissions, hearing oral argument on April 10, 2019, and for the reasons set forth herein, it is respectfully recommended that Mr. Rodger's motion to remand be **GRANTED**.

---

[1] (Electronic Case Filing Docket Entry ("D.E.") 12, Pl's. Mot. to Remand). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page number assigned by the Electronic Case Filing System.

[2] (D.E. 18, Defs.' Opp'n).

[3] Local Civil Rule 72.1(a)(2).

I.  **BACKGROUND**

This is a product liability case involving a metal hip replacement system known as the Biomet Magnum Metal on Metal Hip Replacement System ("hip replacement system").[4] In January 2009, Mr. Rodger was implanted with the hip replacement system,[5] and for the next seven years, Mr. Rodger alleges that the product released toxic heavy metals into his body, gradually poisoning him, and eventually requiring surgery to remove the source of metal.[6]

According to Mr. Rodger, the Biomet Defendants design, manufacture, and sell the hip replacement system, and Fair Lawn casts components for the hip replacement system which did not meet specifications.[7] Mr. Rodger further alleges that Mr. Davis was the exclusive distributor of the hip replacement system in New Jersey from July 1987 until October 2010, and Legacy became the exclusive distributor in October 2010.[8]

On August 23, 2018, Mr. Rodger filed the instant action in the Superior Court of New Jersey.[9] Shortly thereafter, all Defendants removed the action to federal court on the grounds of diversity jurisdiction.[10] In their Notice of Removal, Defendants state that Mr. Rodger is domiciled

---

[4] (D.E. 1-4, Pl's. Compl., at ¶ 1).

[5] (*Id.*, at ¶¶ 2–3, 116).

[6] (*Id.*, at ¶¶ 117, 123).

[7] (*Id.*, at ¶¶ 1, 5).

[8] (*Id.*, at ¶¶ 8, 10).

[9] (*Id.*).

[10] (D.E. 1, Notice of Removal).

2

in New Jersey and the Biomet Defendants are out-of-state defendants.[11] However, Defendants provide conflicting views on Fairlawn's citizenship, but state that Legacy and Mr. Davis are in-state defendants.[12] Defendants argue that Fairlawn, Legacy, and Mr. Davis were fraudulently joined to defeat diversity jurisdiction, and as a result, should have their domiciles disregarded to preserve complete diversity for purposes of jurisdictional analysis.[13]

Mr. Rodger filed the present motion to remand arguing that Fairlawn, Mr. Davis, and Legacy were not fraudulently joined, and as a result, no diversity of jurisdiction exists.[14]

## II. LEGAL STANDARD

### A. Removal Standard

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[15] However, a case removed from state court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[16] "The removing party . . . carries a heavy burden of showing that at all stages

---

[11] (*Id.*).

[12] (*Id.*, at ¶¶ 12–16).

[13] (*Id.*)

[14] (D.E. 12, Pl.'s Mot. to Remand).

[15] 28 U.S.C. § 1441(a).

[16] 28 U.S.C. § 1447(c).

of the litigation the case is properly before the federal court."[17]  Removal statutes should be "strictly construed against removal and all doubts should be resolved in favor of remand."[18]

When federal jurisdiction is established only on the diversity of the parties, the forum defendant rule applies.[19] The forum defendant rule states that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[20]

### B. Fraudulent Joinder Standard

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity."[21] The burden of establishing fraudulent joinder is heavy and lies with the defendant.[22] Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."[23] Although a court

---

[17] *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009).

[18] *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

[19] *Encompass Ins. Co. v. Stone Manion Restaurant Inc.*, 902 F.3d 147, 152 (3d Cir. 2018).

[20] 28 U.S.C. § 1441(b)(2).

[21] *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006).

[22] *Batoff v. State Farm Ins.*, 977 F.2d 848, 851 (3d Cir. 1992) (citations omitted).

[23] *In re Briscoe*, 448 F.3d at 216 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

may look beyond the pleadings "to identify indicia of fraudulent joinder,"[24] it "must not step 'from the threshold jurisdictional issue into a decision on the merits.'"[25]

If a court determines that joinder was fraudulent, it can "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."[26] "If, however, the district court determines that it does not have subject-matter jurisdiction over the removed action because the joinder was not fraudulent, it must remand to state court."[27]

### III. DISCUSSION AND ANALYSIS

As a preliminary matter, the parties dispute the citizenship of Fair Lawn; however, the Court need not reach the question of Fair Lawn's citizenship to rule on the instant motion and makes no ruling on the issue. The Court instead focuses on the alleged fraudulent joinder of Mr. Davis and Legacy.

Mr. Davis is domiciled in New Jersey and therefore a citizen of New Jersey.[28] Legacy is a New Jersey corporation with its principal place of business in New Jersey and therefore a citizen of New Jersey for diversity purposes.[29] Defendants must show that Legacy and Mr. Davis were

---

[24] *Id.* at 219.

[25] *Id.* (quoting *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 112 (3d Cir. 1990)).

[26] *Id.* at 216 (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

[27] *Id.*

[28] (D.E. 1, Notice of Removal, at ¶ 16).

[29] (*Id.*, at ¶ 15).

not fraudulently joined, and if either Legacy or Mr. Davis were not fraudulently joined, the forum defendant rule bars removal.

Mr. Rodger's Complaint asserts claims against Legacy and Mr. Davis for, among other things, failure to warn under the New Jersey Products Liability Act ("NJPLA"), N.J.S.A. § 2A:58C-1 et seq., common law fraud, and breach of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1.[30] Defendants argue that Legacy and Mr. Davis were fraudulently joined because the NJPLA precludes the claims against Legacy and Mr. Davis.[31] Specifically, Defendants maintain that Mr. Davis and Legacy as product sellers enjoy a complete defense under the NJPLA.[32] They further assert that Mr. Rodger's fraud claims are subsumed by the NJPLA.[33]

The NJPLA "established the sole method to prosecute a product liability action such that only a single product liability action remains."[34] The NJPLA provides that upon filing the affidavit certifying the correct identity of the manufacturer of the at-issue product, "the product seller shall be relieved of all strict liability claims," subject to exceptions.[35] As to the exceptions, for instance, a seller may not avoid liability if he "knew or should have known of the defect in the product

---

[30] (D.E. 1-4, Pl's. Compl.).

[31] (D.E. 18, Defs.' Opp'n, at 7).

[32] (*Id.*, at 7–9).

[33] (*Id.*, at 8–10).

[34] *Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F. Supp. 3d 586, 596 (D.N.J. 2015) (citing *Tirrell v. Navistar Int'l, Inc.*, 248 N.J. Super. 390, 398-99 (App. Div. 1991)) (internal quotations omitted).

[35] N.J.S.A. § 2A:58C-9(b).

which caused the injury."[36] It is the product seller's burden of demonstrating that the exceptions are inapplicable to him.[37]

Here, Mr. Davis and Legacy filed an affidavit correctly identifying the manufacturer of the product,[38] and maintain that they are relieved from strict liability. Yet, they fail to appreciate the applicability of the statutory exceptions. At oral argument, Mr. Rodger's counsel cited numerous paragraphs of the Complaint in support of the applicability of the exceptions. The Court will not address each, but instead focus on a few paragraphs.

> [Mr. Davis] was responsible for educating orthopedic surgeons about Biomet hip replacement systems and the advantages, benefits, indications, templating, surgical implantation, follow-up care, servicing, and addressing any post-surgical questions or concerns....[39]
>
> [Mr. Davis and Legacy] selected the components and tools to have present in the operating room when [Mr.] Rodger was surgically implanted with the [hip replacement].[40]
>
> Following the . . . hip replacement being implanted in the body of [Mr.] Rodger, [Mr. Davis and Legacy] continued to profit from the servicing of and the addressing of any questions or concerns....[41]
>
> The [Biomet] Defendants' failure to warn physicians and patients the [hip replacement systems] that were surgically implanted in patients' bodies may be releasing toxic heavy metals has left

---

[36] N.J.S.A. § 2A:58C-9(d)(3).

[37] *Williams v. Murray, Inc.,* No. 12-2122, 2015 WL 5023073, at *3 (D.N.J. Aug. 24, 2015).

[38] (D.E. 1-2, Aff. of Rolf Klein, at ¶ 12).

[39] (D.E. 1-4, Pl's. Compl., at ¶ 9).

[40] (*Id.*, at ¶ 14).

[41] (*Id.*, at ¶ 17).

7

        thousands of United States patients with ticking time-bombs in their hips.[42]

Mr. Rodger has asserted specific facts that, if proven, may demonstrate applicability of an exception and render Mr. Davis and Legacy liable. The Court accepts Mr. Rodger's allegations as true, as required on a motion to remand.[43] Mr. Rodger's claims are not clearly frivolous and instead are supported on a reasonable basis in fact and colorable ground. As alleged by Mr. Rodger, the roles of Mr. Davis and Legacy, as sellers of the at-issue product, went beyond simply selling the product; they were involved in the process of implanting the hip replacement system into patients. There is "a possibility that a state court would find that the complaint states a cause of action against" Mr. Davis and Legacy.[44] Discovery will aid in determining what, if any, knowledge Mr. Davis and Legacy maintained about the alleged dangers of metal on metal hip replacements. At this time, the Court's scope of review is limited to fraudulent joinder and the Court concludes that Mr. Rodger acted reasonably by naming Mr. Davis and Legacy as defendants.

The Court need not reach Defendants' argument that Mr. Rodger's CFA and common law fraud claims against Mr. Davis and Legacy are subsumed by the NJPLA because Mr. Rodger's product liability claims are not wholly insubstantial. The Court makes no ruling on whether the fraud claims are subsumed due to their irrelevance to this fraudulent joinder analysis. This is a matter that may be addressed upon consideration of the merits.

Defendants have failed to carry their heavy burden of demonstrating that Mr. Rodger fraudulently joined Mr. Davis and Legacy. Because Mr. Davis and Legacy were not fraudulently

---

[42] (*Id.*, at ¶ 112).

[43] *See Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

[44] *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

joined, the Court cannot ignore their citizenship. Accordingly, complete diversity does not exist, and the forum-defendant rule barred removal.

## IV. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Mr. Rodger's motion to remand be **GRANTED**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[45] The District Court need not consider frivolous, conclusive, or general objections.[46]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/15/2019 9:17:02 AM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File

---

[45] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[46] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (internal citations omitted).